UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| RYAN SHINN, individually and on behalf of all others similarly situated, | CASE NO.: 2020-cv-_____ |
| Plaintiff | |
| v. | |
| VAN DYK MORTGAGE CORPORATION, a foreign corporation | |
| Defendant. | |

**DEFENDANT VANDYK MORTGAGE CORPORATION'S
<u>NOTICE OF REMOVAL</u>**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446 and 1453, with full reservations of all defenses, Defendant VanDyk Mortgage Corporation ("VanDyk" or "Defendant"), submits this Notice of Removal and thereby removes the civil action styled *Ryan Shinn et al. v. Van Dyk Mortgage Corporation,* Case No. CACE20007839, which was filed in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida (the "State Action"), to the United States District Court for the Southern District of Florida, Fort Lauderdale Division. In support of this Notice of Removal, Defendant states as follows:

**I.   <u>Background</u>**

1.   On May 11, 2020, Plaintiff Ryan Shinn ("Plaintiff"), purportedly on behalf of himself and others similarly situated, commenced the State Action by filing a one-count, putative

class action lawsuit against VanDyk, under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 et. seq. ("TCPA") in the County of Broward, Florida, Seventeenth Judicial Circuit.

2. This suit arises from one text message to Plaintiff's telephone allegedly placed by Defendant and/or that Plaintiff alleges violated the TCPA.

3. Defendant's registered agent was served with copies of the Summons and Complaint on May 14, 2020.

4. True and correct copies of Plaintiff's Summons and Complaint are annexed hereto as *Exhibit A*.

5. As all procedural and substantive requirements related to the removal of this action have been performed or otherwise satisfied, as reflected below, Defendant now timely removes this action to this Court.

## II. Basis for Federal Question Jurisdiction

6. This Court has original subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1441(a) and 1446. This claim should have been originally filed in this Court pursuant to 28 U.S.C. § 1331, as this Court has original jurisdiction over all claims and actions arising under the "Constitution, laws or treaties of the United States".

7. Plaintiff's Complaint asserts violations of a federal law, namely the TCPA. *See generally* Ex. A. The Supreme Court of the United States in *Mims v. Arrow Financial Services LLC*, 132 S. Ct. 740, 747-53 (2012), addressed the issue of whether the federal district courts have jurisdiction over TCPA claims, holding that such a claim is, in fact, one that "arises under" the laws of the United States. As such, this Court has federal question jurisdiction over this matter. *See Duran v. Wells Fargo Bank, N.A.*, 878 F. Supp. 2d 1312, 1315-16 (S.D. Fla. 2012)

("This action was removed to this Court based on federal question jurisdiction, 28 U.S.C. § 1331, because the Complaint alleges a violation of the TCPA. . . . It is established that federal courts have subject matter jurisdiction over TCPA claims.") (internal citation omitted).

8. Moreover, pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Thus, this Court has federal question jurisdiction.

### III. Basis for Jurisdiction Under the Class Action Fairness Act of 2005 ("CAFA")

9. This Court also has original subject matter jurisdiction of this action pursuant to CAFA, 28 U.S.C. §§ 1332(d), which grants district courts original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and any member of the class of plaintiffs is a citizen of a State different from any defendant. As set forth below, this action satisfies each of the requirements of Section 1332(d)(2) for original jurisdiction under CAFA. *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).

10. <u>Covered Class Action</u>. This action meets the CAFA definition of a class action which is "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a) & (b). (Complaint ¶ 31). Plaintiff seeks to represent the "Class" comprised of and defined as:

> All persons who from four years prior to the filing of this action until the date of a certification order (1) were sent a text message to their cellular phone number by Defendant or on Defendant's behalf, (2) using the same equipment used to send the text messages to Plaintiff, (3) for the purposes of advertising and/or promoting Defendant's property, goods, and/or services [excluding Defendant and its

employees or agents].

(Complaint ¶¶ 31-32).

11. <u>Diversity</u>. The required diversity of citizenship under CAFA is satisfied because "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Plaintiff purports to be a resident of the State of Florida as of the time the suit was filed. 28 U.S.C. § 1332(d)(7), (Complaint ¶ 4). As alleged in the Complaint, VanDyk is a company incorporated in Michigan with its principal place of business in Michigan. Thus, the diversity requirements of CAFA are satisfied. 28 U.S.C. § 1332(d)(2)(A).

12. <u>Class Action Consisting of More than 100 Members</u>. Plaintiff alleges he "believes the Class members number in the several thousands, if notmore [sic]." (Complaint ¶ 32).

13. <u>Amount in Controversy</u>. Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6). Plaintiff, on his behalf as well as those of the putative class members, seeks damages and injunctive relief. (Prayer for Relief). Damages claimed are "a minimum of $500.00" and/or "trebled statutory damages" of $1,500.00 per TCPA violation. (Complaint ¶¶ 47 and Prayer for Relief). As applied to this case, 3,334 putative class members claiming similar damages would exceed the $5,000,000 threshold under CAFA, and, as noted above, Plaintiff has alleged that the putative class members could "number in the *several* thousands, *if not more*." (Complaint ¶ 32) (emphasis added). Moreover, Plaintiff filed his Form 1.997. Civil Cover Sheet in the State Action indicating "the estimated amount of the claim rounded to the nearest dollar" is $5,000,000. A true and correct copy of Plaintiff's Form 1.997. Civil Cover Sheet is annexed

hereto as *Exhibit B*.  This, coupled with Plaintiff's estimated class size and assuming this amount reflects the minimum statutory damages under the TCPA, without conceding any merit to the Complaint's damages allegations or causes of action, and for purposes of removal only, makes it is plausible that the amount in controversy here satisfies CAFA's jurisdictional threshold.

**IV.  Defendant has Satisfied all the Procedural Requirements for Removal**

14.     Pursuant to 28 U.S.C. § 1441(a), the present action may be removed to the United States District Court for the Southern District of Florida.

15.     Defendant's registered agent was served with copies of the Summons and Complaint on May 14, 2020.

16.     Defendant's Notice of Removal is therefore timely under 28 U.S.C. § 1446(b).

17.     Defendant will promptly serve a copy of this Notice of Removal upon all counsel of record and will file a copy of this Notice with the Clerk of the Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida pursuant to 28 U.S.C. § 1446(d).

18.     In accordance with 28 U.S.C. § 1446 and Local Rule 7.2(a), true and correct copies of all filings in the State Action, including copies of all process and papers received by Defendant in the State Action, are annexed hereto as *Exhibit A*.

**V.  Venue**

19.     Venue is proper in this District Court pursuant to 28 U.S.C. §1441(a), because this action was brought in the Seventeenth Judicial District, in and for Broward County, Florida which is in the same District as the United States District Court for the Southern District of Florida.

-6-

20. Defendant hereby reserves all rights to assert any defense or affirmative matter, including, without limitation, motions to dismiss pursuant to Fed. R. Civ. P. 12, as well as to amend or supplement this Notice of Removal.

## VI.   Conclusion

Defendant respectfully requests that this Court proceed with this lawsuit as if it had been originally filed in this Court, and that the Court grant Defendant such other relief to which it is justly entitled.

-7-

Dated: June 11, 2020                                Respectfully submitted,


By: /s/ Yaniv Adar
    Yaniv Adar (Florida Bar No. 63804)
    MARK MIGDAL & HAYDEN
    BRICKELL CITY TOWER
    80 SW 8TH STREET,
    SUITE 1999, MIAMI, FL 33130
    Tel: (305) 374-6623
    Email: yaniv@markmigdal.com

    John W. McGuinness (pro hac vice forthcoming)
    MANATT, PHELPS & PHILLIPS, LLP
    1050 Connecticut Avenue, NW, Ste. 600
    Washington, D.C., 20036
    Tel: (202) 585-6500
    Email: jmcguinness@manatt.com

    A. Paul Heeringa (pro hac vice forthcoming)
    MANATT, PHELPS & PHILLIPS, LLP
    151 North Franklin Street, Ste. 2600
    Chicago, IL 60606
    Tel.: (312) 529-6300
    Email: pheeringa@manatt.com

    *Attorneys for Defendant*
    *VanDyk Mortgage Corporation*

-8-

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on June 11, 2020, I filed the foregoing electronically through the Court's CM/ECF system, which caused the following parties or counsel to be served by electronic means:

| | |
|---|---|
| Manuel S. Hiraldo, Esq. | Jibreal S. Hindi, Esq. |
| Hiraldo P.A. | The Law Offices of Jibreal S. Hindi |
| 401 E. Las Olas Boulevard, Suite 1400 | 110 SE 6th Street, Suite 1744 |
| Fort Lauderdale, Florida 33301 | Fort Lauderdale, Florida 33301 |
| Email: mhiraldo@hiraldolaw.com | E-mail: jibreal@jibreallaw.com |

                                                               *s/ Yaniv Adar*
                                                               Yaniv Adar, Esq.