UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:20-cv-61152-AHS

RYAN SHINN,

    Plaintiff,

v.

VAN DYK MORTGAGE CORPORATION,

    Defendant.

_____/

## JOINT PLANNING & SCHEDULING REPORT

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1.B of the United States District Court for the Southern District of Florida, by and through the undersigned counsel, Plaintiff RYAN SHINN and Defendant VANDYK MORTGAGE CORPORATION (collectively, the "Parties"), hereby file this Joint Scheduling Report.

[*REMINDER OF PAGE INTENTIONALLY LEFT BLANK*]

## FED. R. CIV. P. 26(F)(3) DISCOVERY PLAN

(A) **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made**:

The Parties do not believe any changes should be made to required disclosures. The parties agree to serve initial disclosure by **07-17-2020.**

(B) **The subjects on when discovery may be needed, when discovery should be completed, and when discovery should be conducted in phases or be limited to or focused on particular issues**:

The Parties do not agree as to the completion of discovery or phasing of discovery, and therefore respectfully submit the following for the Court's consideration.

**Plaintiff's Position:** Plaintiff does not believe discovery should be conducted in phases or limited to particular issues. Courts routinely reject requests to phase discovery because of the risks of prolonging litigation, increasing expenses, and duplicating and delaying discovery. *See Lakeland Reg'l Med. Ctr., Inc. v. Astellas US, LLC*, 2011 U.S. Dist. LEXIS 16684, *4 (M.D. Fla. 2011) (denying motion to phase discovery and finding "the line between 'class issues' and 'merits issues' is practically difficult, if not impossible, to determine."); *Nelson v. United States Steel Corp.*, 709 F.2d 675, 679 (11th Cir. 1983) (recognizing that "evidence relevant to the commonality requirement … is often intertwined with the merits"); *Brown v. Electrolux Home Prods.*, 817 F.3d 1225, 1234 (11th Cir. 2016) ("rigorous analysis [of class certification] will frequently entail overlap with the merits"); *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013) ("the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action."); *Griffith v. Landry's, Inc.*, 2015 U.S. Dist. LEXIS 138291, *3 (M.D. Fla. 2015) (ruling that "issues related to class certification and the merits of Plaintiffs' case are inextricably intertwined and that bifurcated discovery was inappropriate under the circumstances."); *Lakeland Reg'l Med. Ctr., Inc.*, 2011 U.S. Dist. LEXIS 16684, at *5-6 (M.D. Fla. Feb. 7, 2011) ("phased discovery will unnecessarily prolong this litigation and increase the expense involved for both sides, … and lead to duplicative and delayed discovery"); *Cabrera v. Gov't Emples. Ins. Co.*, 2014 U.S. Dist. LEXIS 90810, at *22-23 (S.D. Fla. July 3, 2014) ("bifurcation will result in duplication of efforts and needless line-drawing dispute"); *Hines v. Overstock.com, Inc.*, 2010 U.S. Dist. LEXIS 70205, at 3 (E.D.N.Y. July 13, 2010) ("courts in this and other circuits have recognized that where discovery relating to class issues overlaps substantially with merits discovery, bifurcation will result in duplication of efforts and needless line-drawing disputes."); *Karhu v. Vital Pharms., Inc.*, 2013 U.S. Dist. LEXIS 116380, at *2-3 (S.D. Fla. Aug. 16, 2013) (denying motion to bifurcate discovery); *Drury v. Countrywide Home Loans, Inc.*, 2008 U.S. Dist. LEXIS 37713, *5 (M.D. Fla 2008) ("as Plaintiffs have alleged a class action cause of action, there is no compelling reason to depart from the usual course and prevent Plaintiffs from engaging in class-related discovery at this point. Bifurcation in these circumstances serves no point but to further delay the case.").

Particularly, in the TCPA class action context, courts have refused to bifurcate discovery based on the relevant factors. *See, e.g.*, *True Health Chiropractic, Inc. v. McKesson Corp.*, No. 13-cv-2219-JST, 2015 U.S. Dist. LEXIS 7015, 2015 WL 273188, at *2-3 (N.D. Cal. Jan. 20, 2015) (denying motion to bifurcate in a TCPA case where the court found: (1) a likelihood of overlap between class and individual discovery; (2) that bifurcation would result in a delay in filing motions for certification; and (3) the potential for complication of issues caused by disputes and subsequent motions as to what discovery relates to the class, as opposed to the named plaintiffs); *Hines v. Overstock.com, Inc.*, No. 09-CV-991, 2010 U.S. Dist. LEXIS 70205, 2010 WL 2775921, at *1 (E.D.N.Y. July 13, 2010) ("[W]here discovery relating to class issues overlaps substantially with merits discovery, bifurcation will result in duplication of efforts and needless line-drawing disputes."). If granted, Defendant's request for bifurcation will only serve to delay this case and further litigation costs.

**Defendant's Position:** Defendant has moved to temporarily stay all discovery (*see* ECF No. 16) during the pendency of its motion to dismiss (*see* ECF No. 15), filed on June 29, 2020. The Court has ordered expedited briefing on that motion. For the reasons stated in Defendant's motion to stay, therefore, Defendant believes that no discovery should proceed at this time. Should this matter proceed to discovery, however, Defendant anticipates conducting written and deposition discovery from Plaintiff and potentially third parties regarding and relevant to Plaintiff, Plaintiff's claims and Defendant's affirmative defenses. Defendant may also request discovery of witnesses and other evidence on which they intend to rely, as provided by the Federal Rules of Civil Procedure, the Local Rules, and applicable law.

Additionally, Defendant believes that, should this matter proceed to discovery and due to the fact that Plaintiff's allegations are unfounded, phased discovery is necessary and appropriate for the sake of judicial and party economy, and thus requests that the Court bifurcate individual and class discovery according to Defendant's proposed schedule below so that the Court and parties can first focus on the Plaintiff-specific discovery necessary for the Court to address the merits of Plaintiff's individual claims against Defendant before addressing much broader (and possibly mooted, should Defendant prevail on summary judgment) class certification issues. Defendant believes that bifurcating discovery in this manner will be more efficient and cost-effective, given that if Plaintiff's individual claim can be disposed of summarily (which Defendant believes it will for the reasons discussed in its pending motion to dismiss, among other reasons) it would obviate the need for costly and time-consuming class discovery and motion practice. If, and after, dispositive motions are filed and decided on the merits as to Plaintiff's individual claims (and should the case not be disposed of summarily), Defendant proposes that class discovery will then proceed. Courts in the Eleventh Circuit and elsewhere routinely bifurcate discovery in this fashion, particularly in TCPA cases. *See, e.g.*, *Leschinsky v. Inter–Continental Hotels Corp.,* 2015 WL 6150888, at *1 (M.D. Fla. Oct. 15, 2015) (granting motion to bifurcate and initially limiting discovery to whether the calls the named plaintiff received were dialed manually and how many calls she received); *Physicians Healthsource, Inc. v. Anda, Inc.*, 2012 WL 7856269, at *3 (S.D. Fla. Nov. 27, 2012) (granting motion to bifurcate to conduct discovery

as to plaintiff's individual claims before resolving class-certification).  *See also Wooden v. Board of Regents of the Univ. Sys. Of Ga.*, 247 F.3d 1262, 1289 (11th Cir. 2001) ("If the district court were to resolve a summary judgment motion in Defendants' favor and in doing so dismiss [plaintiff's] individual claim before ruling on class certification, then [plaintiff] would not be an appropriate class representative.").

(C) **Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced**:

The Parties will produce documents in Adobe .PDF format or in native format where necessary.

(D) **Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production– whether to ask the court to include their agreement in an order**:

The Parties agree that the inadvertent disclosure of information protected by the attorney-client and/or work-product privilege shall not constitute a waiver of an otherwise valid claim of privilege. A party that receives privileged information shall return it to the other party immediately upon discovery of the privileged information and without retaining a copy. The parties will comply with the Court's rules governing redaction of account and social security numbers.

(E) **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed**:

Notwithstanding and without waiving Defendant's pending motion to stay and its request to bifurcate, at this time, the Parties do not anticipate changes to the limitations to discovery. The parties reserve their rights to amend this response as necessary.

(F) **Any other orders the court should issue under Rule 26(c) or Rules 16(b) and (c)**:

 Plaintiff believes there are no other orders that the Court should issue under Rule 16(b), 16(c), or 26(c) at this time.

Defendant believes that the Court should issue orders (i) staying all discovery during the pendency of its motion to dismiss and (ii) ordering bifurcated discovery, should discovery in the matter proceed, for the reasons discussed above.  Defendant may also potentially seek a protective order to the extent Plaintiff requests confidential, proprietary or sensitive documents or other information during discovery.

**LOCAL RULE 16.1(B)(2) CONFERENCE REPORT**

1. **The likelihood of settlement**:

    The Parties discussed a possible early resolution during their Rule 26(f) conference and have agreed to keep settlement discussions open.

2. **The likelihood of appearance in the action of additional parties**:

    The Parties currently do not anticipate the appearance of any additional plaintiffs, defendants, or any otherwise interested parties, but respectfully reserve the right to add additional parties as necessary.

3. **Proposed limits on the time**:

The Parties have not agreed on a case management schedule and submit the following proposals (which are reflected in the parties' respective proposed orders submitted herewith) for the Court's consideration.

**Plaintiff**: Plaintiff proposes the following case management deadlines:

   I. Cutoff to join other parties and amend the pleadings: **07-31-2020**.

   II. The Parties shall disclose experts, expert witness summaries and reports, as required by Federal Rule of Civil Procedure 26(a)(2): **12-04-2020**

   III. The Parties shall exchange rebuttal expert witness summaries and reports, as required by Federal Rule of Civil Procedure 26(a)(2): **01-04-2021**

   IV. Plaintiff shall file a motion for class certification: **02-01-2021**

   V. The Parties shall complete mediation and file a mediation report with the Court: **02-19-2021**

   VI. The Parties shall file all motions to strike or exclude expert testimony, whether based on Federal Rule of Evidence 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), or for any other reason. If a favorable

        ruling on the motion(s) would be case dispositive, however, all such motions must be filed by the dispositive motion deadline: **03-01-2021**

VII.    The Parties shall each file one motion in limine. All motions in limine must be filed at least six (6) weeks before calendar call: **03-01-2021**

VIII.    Deadline to complete discovery: **03-15-2021**

IX.    Deadline for filing dispositive motions: **03-15-2021**

X.    The Parties shall submit their deposition designations: **06-18-2021**

XI.    Joint pretrial stipulation must be filed pursuant to Local 16.1(e): **06-18-2021**

XII.    Final proposed jury instructions (for jury trial) or findings of fact and conclusions of law (for bench trial) must be submitted: **06-18-2021**

**Defendant:** Defendant does not agree that Plaintiff's proposed schedule is adequate. Should discovery proceed in this matter, Defendant proposes that the Court set a case management schedule based on bifurcation of individual and class discovery. In that regard, Defendant proposes that (i) limited discovery focused on the issues relevant to Plaintiff's individual claims proceed first in the interest of judicial and parties economy, (ii) if necessary, class discovery proceed thereafter on a reasonable schedule, to be determined, after the Court first rules on the merits of the parties' respective dispositive motions (i.e., motions for summary judgment with respect to Plaintiff's individual claims against Defendant, to be filed during individual discovery or after individual discovery is completed), and (iii) the trial be set for and proceed after completion of class discovery. Defendant believes that given Plaintiff's inability to prove (or even allege) his claims, that proceeding in this manner would be more efficient, and would allow the Court and parties to focus on, resolve, and potentially dispense with Plaintiff's individual claims before moving onto the more complex, costly, time consuming and likely unnecessary class discovery. In this regard, Defendant proposes the following schedule:

- Discovery as to the merits of Plaintiff's individual claims to proceed for a period of 180 days after entry of the Court's scheduling order or, if the Court grants Defendant's pending motion to stay discovery (*see* ECF No. 16), 180 days following the lifting of the discovery stay (if at all);

- Opening summary judgment motions as to the merits of Plaintiff's individual claims be due no later than thirty (30) days thereafter (though summary judgment motions may be filed at any point prior to this deadline);

- Oppositions to summary judgement due thirty (30) days after service of opening motions; and

- Reply briefs in support of summary judgment due fifteen (15) days after service of oppositions.

Defendant further proposes that the Court set a further case management conference, at the Court's convenience, to occur after the Court has ruled on summary judgment motions relating to Plaintiff's individual claims to set, if necessary, a schedule for class discovery.

4. **Proposals for the formulation and simplifications of issues**:

   The Parties agree to cooperate in trying to simplify the issues through discovery.

5. **The necessity or desirability of amendments to the pleadings**:

   At this time, Plaintiff does not anticipate amending the pleadings; however, to the next necessary, any motion(s) to amend will be filed within the time frame set forth above.

6. **The possibility of obtaining admissions of fact and documents to avoid unnecessary proof**:

   The Parties will attempt, in good faith, to obtain admissions of fact, make appropriate stipulations, and exchange documents which will avoid unnecessary proof in this action. The Parties will work to agree on authentication of relevant documents and reserving arguments as to interpretation of such documents, specifically, to documents which originated from each of the Parties and/or their respective representatives and/or employees. At this time, there is no need for any advance rulings with respect to admissibility of evidence.

7. **Suggestions of the avoidance of unnecessary proof and cumulative evidence**:

   The Parties, where possible and in good faith, shall attempt to streamline the presentation of evidence to advance the case to trial, and to minimize the duration of the proposed trial, as to those facts and evidence where there is no dispute.

8. **Suggestions on the advisability of referring matters to a Magistrate Judge or Master**:

   The Parties consent to referring discovery and other non-dispositive issues to a Magistrate Judge. The Parties request that all other matters be decided by the District Judge.

9. **Preliminary estimate of the time required for trial**:

   Plaintiff believes that trial will take 3-5 days.

   Defendant believes that trial will take 5-7 days.

10. **Requested date or dates for conferences before trial, a final pretrial conference and trial**:

    Plaintiff proposes the following dates:
    (1) Final pretrial conference:  **06-25-2021**.
    (2) Two-week Trial Period:  **07-05-2021**.

    Defendant proposes that the trial be set for and proceed after completion of class discovery, as discussed above.

11. **Any other information that might be helpful to the Court**:

    Consent to Service by Email: Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the parties agree that discovery papers and other papers not required to be filed and served through the Court's CM/ECF system may be served by email through counsel.

DATED: July 2, 2020

Respectfully Submitted,

**HIRALDO P.A.**

s/ *Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
mhiraldo@hiraldolaw.com
(t) 954.400.4713

| | |
|---|---|
| **JIBRAEL S. HINDI, ESQ.**<br>Florida Bar No.: 118259<br>E-mail:jibrael@jibraellaw.com<br>**THOMAS J. PATTI, ESQ.**<br>Florida Bar No.: 118377<br>E-mail:tom@jibraellaw.com<br>The Law Offices of Jibrael S. Hindi<br>110 SE 6th Street, Suite 1744<br>Fort Lauderdale, Florida 33301<br>Phone: 954-907-1136<br>Fax:    855-529-9540<br>*COUNSEL FOR PLAINTIFF* | /s/ John W. McGuinness<br>**JOHN W. MCGUINNESS, ESQ.**<br>(admitted pro hac vice)<br>E-mail: jmcguinness@manatt.com<br>**A. PAUL HEERINGA, ESQ.**<br>E-mail: PHeeringa@manatt.com<br>(admitted pro hac vice)<br>Manatt Phelps & Phillips LLP<br>1050 Connecticut Avenue NW, Suite 600<br>Washington, DC 20036<br>Phone: 202-585-6500<br>Fax:202-585-6600<br>/s/ Yaniv Adar<br>**YANIV ADAR, ESQ.**<br>Florida Bar No.: 63804<br>Mark Migdal & Hayden<br>Brickell City Tower<br>80 SW 8th Street, Suite 1999<br>Miami, FL 33130<br>Phone: (305)374-0440<br>Email: yaniv@markmigdal.com<br>*COUNSEL FOR DEFENDANT* |