UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:20-cv-61152-AHS

RYAN SHINN, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

VANDYK MORTGAGE CORPORATION, a foreign corporation,

    Defendant.
_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

# FIRST AMENDED CLASS ACTION COMPLAINT[1]

Plaintiff Ryan Shinn brings this class action against Defendants VanDyk Mortgage Corporation ("VanDyk") and Thecia Maurone-Toth ("Maurone-Toth"), and alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1.    This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, (the "TCPA").

2.    Defendant VanDyk is a mortgage lender with 500 employees and 93 branch offices across 38 states.

3.    Defendant Maurone-Toth is the southeast Divisional Manager for Defendant VanDyk,

---

[1] Pursuant to Fed. R. Civ. P. 15(a)(1), Plaintiff hereby amends his Complaint as a matter of course thereby mooting Defendant's Motion to Dismiss, [ECF No. 15], and related Motion to Stay, [ECF No. 16], which sought a stay pending a ruling on the Motion to Dismiss. Additionally, the Motion to Stay has been mooted by the Supreme Court's issuance of its opinion in *Barr v. Am. Ass'n of Political Consultants*, No 19-631, 2020 LEXIS 3544 (U.S. July 6, 2020), which held that the government-debt exemption is unconstitutional, but severable from the remainder of the statute.

a position she has held for the past eight years.

4. To promote their mortgage loan products, Defendants engage in unsolicited text messaging in violation of the TCPA.

5. Through this action, Plaintiff seeks injunctive relief to halt Defendants' unlawful conduct. Plaintiff also seeks statutory damages on behalf of himself and Class members, as defined below, and any other available legal or equitable remedies resulting from the illegal actions of Defendants.

## PARTIES

6. Plaintiff is, and at all times relevant hereto was, an individual and a citizen and resident of Broward County, Florida, and the subscriber and/or sole user of the cellular telephone number ending in 2659 (the "2659 Number").

7. Defendant VanDyk is, and at all times relevant hereto was, a corporation organized under the laws of Michigan that maintains its primary place of business and headquarters in Grand Rapids, Michigan. Defendant directs, markets, and provides business activities throughout the State of Florida.

8. Defendant Maurone-Toth is, and at all times relevant hereto was, an individual and a citizen and resident of Palm Beach County, Florida. Defendant Maurone-Toth directs, markets, and provides business activities throughout the State of Florida as an employee and on behalf of Defendant VanDyk.

## JURISDICTION AND VENUE

9. Defendants are subject to specific personal jurisdiction in Florida because this suit arises out of and relates to Defendants' significant contacts with Florida. Additionally, Defendants initiated and directed, or caused to be initiated and directed, telemarketing and/or advertisement text messages into Florida in violation of the TCPA.

10.     Plaintiff's claims for violation of the TCPA against Defendants, and the resulting injuries caused to Plaintiff by Defendants' advertisement and telemarketing message arose in substantial part from Defendants' conduct and direction of those messages into Florida.

11.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) because a substantial part of Defendants' actions and omissions which gave rise to the claims asserted in this action occurred, in part, in this District.

## THE TCPA

13.     The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

14.     The TCPA defines an "automatic telephone dialing system" ("ATDS") as "equipment that has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

15.     The TCPA exists to prevent communications like the ones described within this Complaint. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

16.     In an action under the TCPA, a plaintiff must show only that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

17.     The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls

whether they pay in advance or after the minutes are used.

18. A defendant must demonstrate that it obtained the plaintiff's prior express consent. *See In the Matter of Rules and Regulaions Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non- advertising calls").

19. Further, the FCC has issued rulings and clarified that consumers are entitled to the same consent-based protections for text messages as they are for calls to wireless numbers. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009) ("The FCC has determined that a text message falls within the meaning of 'to make any call' in 47 U.S.C. § 227(b)(1)(A)").

## FACTS

20. On or about April 27, 2020, Defendant Maurone-Toth sent the following unsolicited text message to Plaintiff's cellular telephone number:

> Hey Christmene &amp; Ryan – Its Thecia Maurone-Toth from VanDyk Mortgage. We worked on your mortgage application not to long ago; hope all is well. Rates just hit an 8-year low and your file was flagged by our Rate Watch program as someone who could benefit from purchasing or refinancing. Do you have a few minutes to chat?

20. The above text message was sent by Defendant Maurone-Toth in her capacity as Defendant VanDyk's Divisional Manager, within the course and scope of Defendant Maurone-Toth's employment with Defendant VanDyk, and in furtherance of Defendant Maurone-Toth's duties and responsibilities as Defendant VanDyk's Divisional Manager.

21. Plaintiff received the subject text message within this judicial district and, therefore, Defendants' violation of the TCPA occurred within this district.

22. Upon information and belief, Defendants caused similar text messages to be sent to individuals residing within this judicial district.

23. Plaintiff is the sole user and/or subscriber of the cellular telephone number that received the above text message.

24. The purpose of the above referenced text message was to promote and/or advertise Defendants' mortgage loan products.

25. Plaintiff has never provided Defendants with express written consent to contact him on his cellular telephone with advertisements or marketing messages like the one above.

26. The impersonal and generic nature of Defendants' text message demonstrates that an ATDS was utilized to transmit the message.

27. The message originated from telephone number 561-623-3277, which is owned and/or operated by one or both Defendants.

28. The number used to transmit the message (561-623-3277) is known as a "long code," a standard 10-digit phone number that enabled the transmission of text messages *en masse*, while deceiving recipients into believing that the message was personalized and sent from a telephone number operated by an individual.

29. Long codes work as follows: Private companies known as SMS gateway providers have contractual arrangements with mobile carriers to transmit two-way SMS traffic. These SMS gateway providers send and receive SMS traffic to and from the mobile phone networks' SMS centers, which are responsible for relaying those messages to the intended mobile phone. This allows for the transmission of a large number of SMS messages to and from a long code.

30. Upon information and belief, the use of "&amp;" in the message is evidence of an

automatically computer-generated text message. Specifically, "&amp;" is the computer code reference for the ampersand symbol, which demonstrates that the above message was automatically generated and/or sent by a computer, not a person.

31. Upon information and belief, to send the text message, Defendant Maurone-Toth used a messaging computer software platform (the "Platform") that permitted Defendant Maurone-Toth to transmit thousands of text messages automatically and without any human involvement.

32. Upon information and belief, the Platform has the capacity to store telephone numbers.

33. Upon information and belief, the Platform has the capacity to automatically generate messages using a template that allows the Platform to insert the recipient's name, as was the case here.

34. Upon information and belief, the Platform has the capacity to generate sequential numbers.

35. Upon information and belief, the Platform has the capacity to dial numbers in sequential order.

36. Upon information and belief, the Platform has the capacity to dial random telephone numbers.

37. Upon information and belief, the Platform has the capacity to dial sequential telephone numbers.

38. Upon information and belief, the Platform has the capacity to dial numbers from a list of numbers.

39. Upon information and belief, the Platform has the capacity to dial numbers without human intervention, including an auto-reply function that generates an automated message in response to certain incoming commands, as depicted by the following screenshot of an auto-reply sent by the Platform to Plaintiff:

*[Screenshot of text message exchange: outgoing message "Stop"; incoming reply "You have successfully been unsubscribed. You will not receive any more messages from this number. Reply START to resubscribe."]*

40. Upon information and belief, the Platform has the capacity to schedule the time and date for future transmission of text messages.

## CLASS ALLEGATIONS

41. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, individually and on behalf of all others similarly situated.

### *PROPOSED CLASS*

42. Plaintiff brings this case on behalf of the following class (the "Class"):

> **All persons who from four years prior to the filing of this action until the date of a certification order (1) received a text message on their cellular phone number sent by Defendant Maurone-Toth (2) using the same equipment or type of equipment used to send the text message to Plaintiff, (3) for the purpose of advertising and/or promoting Defendants' mortgage loan products and/or services.**

43. Defendants and their employees or agents are excluded from the Class.

44. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

### *NUMEROSITY*

45. Upon information and belief, Defendants have placed automated calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their

prior express written consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

46. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendants' call records.

### COMMON QUESTIONS OF LAW AND FACT

47. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: [1] Whether Defendants made non-emergency calls to Plaintiff and Class members' cellular telephones using an ATDS; [2] Whether Defendants can meet their burden of showing that they obtained prior express written consent to make such calls; [3] Whether Defendants' conduct was knowing and willful; [4] Whether Defendants are liable for damages, and the amount of such damages; and [5] Whether Defendants should be enjoined from such conduct in the future.

48. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendants routinely transmits text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

49. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

50. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

## SUPERIORITY

51.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

52.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.  For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
## <u>VIOLATIONS OF 47 U.S.C. § 227(b)</u>
*On Behalf of Plaintiff and the Class*

53.     Plaintiff re-alleges and incorporates paragraphs 1-52 as if fully set forth herein.

54.     Defendant Maurone-Toth used equipment with the capacity to store telephone numbers, using a random or sequential generator, and to dial such numbers and/or to dial numbers from a list automatically, without human intervention, to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Class. These calls, or more precisely, text messages, were sent without regard to whether Defendants had first obtained express permission from the called party to send such text message. In fact, Defendants did not have prior express written consent to text the cell phones of Plaintiff or the other members of the putative Class when such text messages were

21

sent.

55. Defendant VanDyk is liable for Defendant Maurone-Toth's violations of the TCPA because the subject text messages were sent by Defendant Maurone-Toth in her capacity as an employee of Defendant VanDyk, and within the course and scope of her employment.

56. Thus, Defendants violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express consent.

57. As a result of Defendants' conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class are also entitled to an injunction against future calls. To the extent Defendants' misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Class.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class, and against Defendants that provides the following relief: **[1]** Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful; **[2]** A permanent injunction prohibiting Defendants from violating the TCPA in the future through calling or texting cell phones using an automatic telephone dialing system; **[3]** A declaration that Defendants used an automatic telephone dialing system and violated the TCPA in using such to call or text the cell phones of Plaintiff and the No Consent Class; and **[4]** Any other relief the Court finds just and proper.

Date: July 8, 2020

                          Respectfully submitted,

**HIRALDO P.A.**

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713

**THE LAW OFFICES OF
JIBRAEL S. HINDI**

*/s/ Jibrael S. Hindi*
Florida Bar No. 118259
110 SE 6th Street
Suite 1744
Ft. Lauderdale, Florida 33301
Email: jibrael@jibraellaw.com
Telephone: 954-628-5793

*Counsel for Plaintiff and the Class*