UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| RYAN SHINN, individually and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>VAN DYK MORTGAGE CORPORATION, a foreign corporation<br><br>Defendant. | CASE NO.: 2020-cv-61152-AHS<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

**DEFENDANT VANDYK MORTGAGE CORPORATION'S MOTION FOR LEAVE
TO FILE SUR-REPLY IN SUPPORT OF
ITS OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Pursuant to Local Rule 7.1 and the Court's discretion under the Federal Rules of Civil Procedure, Defendant VanDyk Mortgage Corporation ("VanDyk") submits this motion for leave to file a sur-reply to Plaintiff Ryan Shinn's ("Plaintiff") Motion to Remand (Dkt. 7, "Motion") to address Plaintiff's Notice of Supplemental Authority (*see* Dkt. 25, "Notice") of no more than four (4) pages in length and within no later than two (2) business days after the Court grants VanDyk's request for leave. In support thereof, VanDyk further states as follows:

**INTRODUCTORY STATEMENT**

VanDyk is aware of and respects the Court's limitations on briefing. In this instance, the purpose of VanDyk's requested sur-reply will be to address the purported supplemental authority attached as Exhibit A to Plaintiff's Notice, which was not available at the time VanDyk filed its

response to Plaintiff's Motion and is readily distinguishable, both factually and legally, from the issues in the present case and in the Motion. Accordingly, for the reasons discussed below, VanDyk respectfully requests leave to file a short sur-reply in support of its opposition to Plaintiff's Motion to address this recent filing.

## PROCEDURAL HISTORY AND BASIS FOR RELIEF

On May 11, 2020, Plaintiff filed his initial one-count complaint in this matter in Florida state court, seeking relief under the Telephone Consumer Protection Act ("TCPA"). On June 11, 2020, VanDyk timely filed its Notice of Removal with this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446 and 1453, asserting federal question subject matter jurisdiction because the Complaint seeks relief under the federal TCPA (*see* Dkt. 1 at ¶¶ 6-8) and under the Class Action Fairness Act of 2005 ("CAFA") (*see id.* at ¶¶ 9-13).

On June 15, 2020, Plaintiff filed his Motion seeking remand back to state court, arguing, *inter alia*, VanDyk failed to demonstrate that the United States Constitution's Article III standing requirements are met. *See* Motion at 1-4. The Motion is silent with respect to VanDyk's CAFA basis for removal. *See generally id.* VanDyk responded to the Motion on June 29, 2020 arguing that VanDyk has no obligation to allege Article III standing in a notice of removal in accordance with this Court's precedent and that Plaintiff failed to address, let alone challenge, VanDyk's alternate CAFA basis for removal. *See generally* Dkt. 13. Plaintiff filed his reply memorandum that same day. *See* Dkt. 14.

On July 8, 2020, Plaintiff filed a first amended complaint ("FAC") in which he added a new party defendant, Thecia Maurone-Toth, who has not been served as of the date of this filing, despite arguing in connection with his Motion that he lacks Article III standing. *See* Dkts. 20

and 21.  In his FAC, Plaintiff alleges that he suffered injuries "resulting" from "Defendants' advertisement and telemarketing message."  Dkt 20 ¶¶ 5, 10.  As a result of the FAC filing, the Court denied VanDyk's then-pending dispositive motion to dismiss Plaintiff's original complaint as moot but granted VanDyk's motion to temporarily stay discovery, noting *inter alia* that discovery should be stayed because Plaintiff's amended pleading would likely be subject to another motion to dismiss and that Plaintiff's Motion seeking remand was still pending.  *See* Dkts. 22 and 24.

On July 14, 2020, after briefing had completed, Plaintiff notified the Court of purported supplemental authority in support of his Motion, identifying and attaching a July 14, 2020 decision titled *Mittenhal, et al. v. Florida Panthers Hockey Club, Ltd.*, Case No. 0:20-cv-60734-RKA (S.D. Fla. Jul. 14, 2020) (Altman, J.) (hereinafter "*Mittenhal*").

## ARGUMENT

As noted, VanDyk contends that *Mittenhal* is readily distinguishable from this case in a number of ways and, therefore, that a sur-reply to address those pertinent differences is necessary and would be helpful to assist the Court with properly understanding the parties' positions and to adjudicate the Motion.  The Eleventh Circuit has held that "[a] district court's decision to permit the filing of a surreply is purely discretionary" and is generally permissible when "a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief."  *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 F.App'x 777, 788 (11th Cir. 2008) (per curiam) (quoting *Federick v. Mercedes-Benz USA, LCC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005)).  Such a "valid reason" exists here as VanDyk should be permitted the opportunity to respond to the new filing presented for the first time in Plaintiff's Notice, which was unavailable

at the time VanDyk filed its response in opposition to Plaintiff's Motion but yet is misleading and readily distinguishable, prior to the Court deciding the Motion.

More specifically, VanDyk's anticipated sur-reply will address the distinctions between *Mittenhal* and this case, including *inter alia*, that the *Mittenhal* complaint did not allege **_any tangible or intangible injury in fact_** the plaintiffs may have suffered, merely referring to a "legal injury" and general "impact[] and harm[]"; whereas here, Plaintiff's FAC alleges that Plaintiff suffered "resulting injuries caused to Plaintiff by Defendants' advertisement and telemarketing message" and that Plaintiff and other putative class members were "harmed" (*see* ¶¶ 10, 57). Moreover, in filing his FAC in this case, Plaintiff tellingly **removed** his allegation that he merely "suffered a legal injury." *Compare* Dkt. 1 ¶ 9 *with* Dkt. 20 *generally*. For these reasons and others, as VanDyk's anticipated sur-reply will show, *Mittenhal* is clearly distinguishable from the present case and the Court should exercise its discretion to permit VanDyk to file a sur-reply.

Further, VanDyk respectfully submits that the filing of a sur-reply will not unfairly prejudice Plaintiff and indeed would prejudice VanDyk by depriving it of an opportunity to address Plaintiff's new filing. Moreover, the filing of a brief sur-reply will not unduly delay these proceedings.

WHEREFORE, pursuant to Local Rule 7.1, VanDyk respectfully requests that this motion be granted and that VanDyk be permitted to file a sur-reply, of no more than four pages and within two business days after the Court rules on this request.

**CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a)(3), I hereby certify that that counsel for the movant has conferred with all parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but that Plaintiff noted his objections to the filing of a sur-reply regarding Plaintiff's Motion to Remand.

Dated: July 14, 2020                                         Respectfully submitted,

By: *s/ Yaniv Adar*
Yaniv Adar (Florida Bar No. 63804)
**MARK MIGDAL & HAYDEN**
Brickell City Tower
80 SW 8th Street,
Suite 1999, Miami, Florida 33130
Tel: (305) 374-6623
Email: yaniv@markmigdal.com

John W. McGuinness (*pro hac vice*)
**MANATT, PHELPS & PHILLIPS, LLP**
1050 Connecticut Avenue, NW, Ste. 600
Washington, D.C., 20036
Tel: (202) 585-6500
Email: jmcguinness@manatt.com

A. Paul Heeringa (*pro hac vice*)
**MANATT, PHELPS & PHILLIPS, LLP**
151 North Franklin Street, Ste. 2600
Chicago, IL 60606
Tel.: (312) 529-6300
Email: pheeringa@manatt.com

*Attorneys for Defendant*
*VanDyk Mortgage Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 14, 2020, I filed the foregoing electronically through the Court's CM/ECF system, which caused the following parties or counsel to be served by electronic means:

Manuel S. Hiraldo, Esq.
Hiraldo P.A.
401 E. Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com

Jibreal S. Hindi, Esq.
Thomas Patti, III, Esq.
The Law Offices of Jibreal S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
E-mail: jibreal@jibreallaw.com

    *s/ Yaniv Adar*
    Yaniv Adar, Esq.